IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JAMES ALGER,<br><br>                    Plaintiff,<br>          v.<br><br>MUSE JUICE BAR, Inc,<br><br>                    Defendant. | Case No.  26-cv-8019<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1

**INTRODUCTION**

1.      Plaintiff JAMES ALGER ("Plaintiff") brings this action against Defendant MUSE JUICE BAR, Inc ("Defendant") for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51, et seq., and the California Disabled Persons Act ("CDPA"), Cal Civ. Code. § 54, et seq.

2.      In March 2026, Plaintiff, an individual with physical disabilities who uses a wheelchair or mobility scooter, visited Defendant's juice shop in San Francisco, California. During his visit, Plaintiff encountered inaccessible dining surfaces, which prevented him from fully accessing and using the premises. As a result, Plaintiff was denied full and equal access to the business and is deterred from returning until the facility is made accessible.

**JURISDICTION AND VENUE**

3.      The United States District Court, Northern District of California, has original federal question jurisdiction of the action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12101 et seq.  Under supplemental jurisdiction, attendant, and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of the Unruh Civil Rights Act and the California Disabled Persons Act.

4.      Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on the fact that the real property that is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

5.      Division Assignment: This case should be assigned to the San Francisco/Oakland division because the real property that is the subject of this action is in this division and Plaintiff's causes of action arose in this division.

**PARTIES**

6.      Plaintiff JAMES ALGER is, and at all times relevant here was, a qualified individual with a physical disability. Plaintiff suffers from Charcot-Marie-Tooth disease ("CMT"), a disease of the peripheral nerves that control muscles and causes progressive loss of

function and sensation in the hands, arms, legs, and feet. This physical impairment substantially limits Plaintiff's major life activities, including walking and performing manual tasks. As a result, Plaintiff relies on a scooter or a wheelchair for mobility. Plaintiff resides in Porter Ranch, California.

7.      Defendant owns, operates, and/or leases Muse Juice Bar at 2220 Chestnut St., San Francisco, CA ("Muse Juice Bar"), and did so at all times relevant to this Complaint, including during Plaintiff's visit. Muse Juice Bar is an establishment that sells drinks to the general public and therefore constitutes a place of public accommodation within the meaning of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

8.      Based on publicly available information, Defendant MUSE JUICE BAR, Inc is a California corporation with its principal place of business at 2056 Polk St, San Francisco, CA 94109.

**FACTUAL ALLEGATIONS**

9.      In March 2026, Plaintiff was visiting San Francisco and exploring the Marina District, intending to shop and enjoy the unusually warm weather. On that day, Plaintiff was using a mobility scooter to navigate the neighborhood. While making his way through the Marina District, Plaintiff came upon Muse Juice Bar and decided to stop in for a smoothie, hoping to sit outside and relax. Upon reaching the outdoor seating area, however, Plaintiff encountered accessibility barriers that prevented him from doing so.

10.      Upon arriving at Muse Juice Bar, Plaintiff observed that the outdoor dining area did not provide accessible seating because the available tables lacked sufficient knee clearance for individuals who use wheelchairs and mobility scooters. To dine at a table while using his mobility scooter, Plaintiff positions the scooter alongside the table and rotates the seat so that he can face the tabletop. This maneuver requires the scooter's back wheels to extend into the clear space beneath the table. At Muse Juice Bar, however, the table's projecting support legs occupied the required clear space beneath the tabletop, preventing Plaintiff from positioning his mobility scooter close enough to use the table for dining. The same barrier would have prevented

Plaintiff from properly positioning his wheelchair beneath the table had he been using his wheelchair that day.

11.    As a result, Plaintiff was unable to use the outdoor dining facilities and could not enjoy a smoothie in the same manner as other patrons. This experience caused Plaintiff to feel frustrated, excluded, and denied equal access to the goods, services, privileges, and accommodations offered by the business.

12.    Plaintiff visits San Francisco several times each year and enjoys exploring its various neighborhoods. Plaintiff would like to return to Muse Juice Bar in the future and would do so if the accessibility barriers were removed. However, Plaintiff is presently deterred from returning because the subject premises remain inaccessible to him.

13.    Prior to filing this action, and as part of counsel's pre-suit due diligence, Plaintiff's counsel retained a third party to conduct a sub-rosa inspection of the subject premises, including taking measurements and documenting accessibility barriers encountered by Plaintiff. That inspection confirmed the existence of the barriers described herein. In furtherance of this due diligence, Plaintiff's counsel also consulted with a CASp regarding applicable accessibility requirements and conditions at the subject property. Based on this consultation and investigation, the following barriers to access, related to Plaintiff's disabilities, are present at the subject premises:

1) The interior path of travel is restricted by a fan and trash can. CBC 11B-403.5.1, 11B-403.5.1, Exception 4; and 2010 ADA Standards § 403.5.1.

2) The restroom mirror has the bottom edge of the reflecting surface over 40 inches above the finish floor. CBC 11B-603.3; and 2010 ADA Standards § 603.3.

3) The restroom soap dispenser is installed higher than 40 inches above the finish floor. CBC 11B-603.5, 11B-309.4; 2010 ADA Standards §§ 308, 309.

4) The restroom seat cover dispenser is mounted higher than 40 inches above the finish floor. CBC 11B-603.5, 11B-305, 11B-309.4; and 2010 ADA Standards §§ 305, 308, and 309.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

4

5) The restroom sink does not provide required toe clearance. CBC 11B-606.2, 11B-306.2, 11B-306.3; and 2010 ADA Standards §§ 606.2, 306.

6) The toilet does not provide the required 48-inch clear space in front of the water closet. CBC 11B-604.3, 11B-604.8.1; and 2010 ADA Standards §§ 604.3, 604.8.1, 604.3.2.

7) Exterior tables are not accessible due to lack of compliant knee clearance. CBC 11B-226.1, 11B-902.2, 11B-902.3; and 2010 ADA Standards §§ 226.1, 902.

8) A bench obstructs the required 60-inch clear maneuvering space at the pull side of the door. CBC §11B-404.2.4, Table 11B-404.2.4.1; and 2010 ADA Standards § 404.2.4.

9) The restroom rear grab bar is not properly positioned to extend 12 inches minimum on one side and 24 inches minimum on the other side from the water closet centerline. CBC 11B-604.5.2, 11B-609; and 2010 ADA Standards §§ 604.5.2, and 609.

10) The lower edge of the second mirror in the restroom is over 35 inches above the finish floor. CBC 11B-603.3; and 2010 ADA Standards § 603.3.

11) The restroom door lock requires twisting to operate. CBC 11B-404.2.7, 11B-309.4; and 2010 ADA Standards §§ 404.2.7 and 309.4.

12) The lower 10 inches of the main entrance door is not smooth and uninterrupted. CBC 11B-404.2.10; and 2010 ADA Standards § 404.2.10.

14. Plaintiff reserves the right to amend this Complaint to include additional accessibility barriers identified during discovery or expert inspection. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).

**FIRST CLAIM**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. §§ 12101 et seq.]**

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5

15. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 14 of this Complaint and incorporates them herein as if separately replead.

16. Plaintiff is a qualified individual with a disability within the meaning of Title III of the ADA.

17. The Muse Juice Bar is a place of public accommodation subject to the requirements of Title III of the ADA.

18. During his visit, Plaintiff encountered accessibility barriers at the subject premises.

19. Defendant failed to provide Plaintiff with full and equal access to the premises as required by 42 U.S.C. §§ 12182 and 12183 and the regulations promulgated thereunder.

20. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

6

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

21.    Each alleged barrier can be remedied through readily achievable measures, including repositioning movable objects, replacing or relocating restroom fixtures, modifying outdoor dining tables, adjusting door hardware, and making other minor alterations that do not require significant structural work. Therefore, the benefits of providing full and equal access to individuals with disabilities are not outweighed by the costs.

22.    In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages, and accommodations through alternative methods that were "readily achievable."

23.    Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.

24.    On information and belief, as of the date of Plaintiff's visit to the subject premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

7

25. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000a-3(a)) and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use or attempt to use the property and premises, or attempt to patronize Muse Juice Bar, in light of Defendant's policies and physical premises barriers.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CLAIM**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

**[Cal. Civil Code §§ 51 et seq.]**

26. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraph 1 through 25 of this Complaint and incorporates them herein as if separately replead.

27. The Muse Juice Bar is a business establishment within the meaning of the Unruh Act.

28. Defendant is the owner and/or operator of a business establishment.

29. Defendant has violated the Unruh Act by his acts and omissions:

- Failure to construct or alter the Muse Juice Bar in compliance with state building code and state architectural requirements;
- Failure to remove known barriers to access at the Muse Juice Bar;
- Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the Muse Juice Bar;
- Failure to maintain accessible features in violation of CBC 11B-108
- Violation of the ADA, including the 1991 and/or 2010 Standards, a violation

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

8

of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

30.    Plaintiff has experienced barriers to access at the subject premises, all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

31.    On information and belief, the Muse Juice Bar is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

32.    These barriers to access render Muse Juice Bar inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

33.    Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

34.    On information and belief, the access features of the Muse Juice Bar have not been improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendant does not modify his policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

35.    Defendant knew or reasonably should have known that the accessibility barriers prevented individuals with mobility disabilities from fully accessing the subject premises yet failed to correct those conditions.

36.    Based on Defendant's violations of the Unruh Act, Plaintiff seeks and is entitled to damages of at least $4,000 for each incident that caused Plaintiff difficulty, discomfort, and embarrassment, Cal. Civil Code § 52. Plaintiff is also entitled to his reasonable attorneys' fees, and costs. *Id.*

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

9

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

**[Cal. Civil Code §§ 54 *et seq.*]**

37.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraph 1 through 36 of this Complaint and incorporates them herein as if separately replead.

38.     The Muse Juice Bar is a place of public accommodation and, as such, it must comply with the provisions of the DPA, California Civil Code § 54 *et seq.*

39.     The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

40.     The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

41.     The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, California Civil Code § 54.1(d).

42.     Defendant has violated the DPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, and facilities due to his disability, including, but not limited to the following:

- Failure to construct or alter the Muse Juice Bar in compliance with state building code and state architectural requirements;
- Failure to remove known barriers to access at the Muse Juice Bar;
- Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of the facilities;

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

- Failure to maintain accessible features in violation of CBC 11B-108; and

- Violation of the ADA, including the 1991 and/or the 2010 Standards, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

43.     Based on Defendant's violations of the DPA, Plaintiff seeks and is entitled to damages of at least $1,000 for each incident that caused Plaintiff difficulty, discomfort, and embarrassment. Cal. Civ. Code § 54.3. Plaintiff is also entitled to his reasonable attorneys' fees, and costs. *Id.*[1]

WHEREFORE, Plaintiff requests relief as outlined below.[2]

### PRAYER FOR RELIEF

1.     Plaintiff does not have an adequate remedy at law for the harm caused by the conditions described in this Complaint. The barriers at Defendant's business have interfered with Plaintiff's ability to access the premises and have deterred him from returning. Unless those conditions are corrected, Plaintiff will continue to face the same access barriers and resulting harm.

2.     There is a real and ongoing dispute between the parties regarding whether Defendant's conduct complies with Title III of the Americans with Disabilities Act and California law. Plaintiff seeks a declaration finding that the conditions at issue violate the ADA.

3.     Plaintiff further seeks injunctive relief requiring Defendant to bring Muse Juice Bar into compliance with the ADA and California law. This includes, but is not limited to, an order requiring Defendant to:

i.   Remove the access barriers identified in this Complaint;

ii.  Ensure that individuals with disabilities are afforded the same access and benefits as other patrons; and

iii. Provide and *maintain* accessible features.

---

[2] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55. Plaintiff seeks injunctive relief under the Unruh Act and the ADA.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

4.    Plaintiff requests that the Court retain jurisdiction to ensure that the required modifications are implemented and maintained.

5.    Plaintiff also seeks recovery of his reasonable attorneys' fees, litigation expenses, and costs as permitted by law.

6.    Award Plaintiff all appropriate damages, including, but not limited to, statutory damages of no less than $4,000 for each violation under the Unruh Civil Rights Act, or, in the alternative, no less than $1,000 for each violation under the California Disabled Persons Act.

7.    Plaintiff requests such other and further relief that the Court may deem just and proper.


Date: August 1, 2026                    ALLACCESS LAW GROUP


                                        */s/ Irakli Karbelashvili*
                                        By: IRAKLI KARBELASHVILI, Esq.
                                        Attorney for Plaintiff
                                        JAMES ALGER


**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.


Date: August 1, 2026                    ALLACCESS LAW GROUP


                                        */s/ Irakli Karbelashvili*
                                        By: IRAKLI KARBELASHVILI, Esq.
                                        Attorney for Plaintiff
                                        JAMES ALGER


COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
12